# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re | **Chapter 11** |
| **SUBIR MAITRA,** | **Case No. 10-22107** |
| Debtor. | **Hon. Jack B. Schmetterer** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Thursday, June 16, 2011 at 10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Jack B. Schmetterer, or any other judge sitting in his stead, in Courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, on the attached **FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES OF ARNSTEIN & LEHR LLP AS DEBTOR'S COUNSEL**, at which time and place you may appear as you see fit.

**SUBIR MAITRA,**

By:    /s/ Miriam R. Stein
          One of His Attorneys

Miriam R. Stein (06238163)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax:  (312) 876-0288

## PROOF OF SERVICE

I, Miriam R. Stein, an attorney, certify that I caused a copy of the attached Notice and Motion to be served on the parties as listed on the Service List below by depositing same in the United States Mail, postage prepaid, in addition to those parties receiving notification by participation in the Court's ECF system on May 26, 2011.

          /s/ Miriam R. Stein

## SERVICE LIST

*Via U.S. Mail*:

Subir Maitra
312 N. McClurg Court
Apartment 2310
Chicago, IL 60611

*Via ECF*:

Shelly A. DeRousse
Creditor – United Central Bank
sderousse@stahlcowen.com
cgarcia@stahlcowen.com

Patrick S Layng
United States Trustee – Region 11
USTPRegion11.ES.ECF@usdoj.gov

Michelle A Mendez
Creditor – Health Care Service Corporation
mmendez@hunton.com

Kevin H Morse
Debtor – Subir Maitra
khmorse@arnstein.com

Miriam R. Stein
Debtor Subir Maitra
mrstein@arnstein.com
jbmedziak@arnstein.com

John F. Torres
Creditor – Toyota Motor Credit Corporation
jftlaw@earthlink.net

Marc Zaslavsky
Debtor – Subir Maitra
mszaslavsky@arnstein.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| SUBIR MAITRA, | Case No. 10-22107 |
| Debtor. | Hon. Jack B. Schmetterer |
| | Date:  June 16, 2011<br>Time:  10:30 a.m. |

## FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES OF ARNSTEIN & LEHR LLP AS DEBTOR'S COUNSEL

Arnstein & Lehr LLP ("A&L"), counsel for Subir Maitra, debtor and debtor-in-possession ("Debtor"), pursuant to 11 U.S.C. §§ 330 and 331, applies to this Court for an entry of an order: (a) allowing as interim compensation the amount of $13,504.00 for legal services rendered during the period February 1, 2011 through May 23, 2011 and reimbursement to A&L in the amount of $519.47 in expenses; (b) allowing as final compensation the aggregate amount of $73,390.50 for legal services rendered during the period May 14, 2010 through May 23, 2011 and reimbursement to A&L in the amount of $1,865.05 in expenses; and (c) authorizing the Debtor to pay the allowed fees and expenses for the period February 1, 2011 through May 23, 2011.  In support thereof, A&L respectfully states as follows:

### BACKGROUND

1.      On May 14, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  On the same date, the Debtor filed its bankruptcy schedules and Statement of Financial Affairs.

2.      On June 15, 2010, this Court entered an Order approving Debtor's employment of Barry A. Chatz, Miriam R. Stein, Kevin H. Morse and the law firm of

9607207.1

MAITRA – Final Fee Application                    1

Arnstein & Lehr LLP ("A&L") as Debtor's counsel in the Chapter 11 Case retroactive to the Petition Date.

3.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, prior to the confirmation of the Debtor's plan, the Debtor managed his assets and financial affairs as a debtor in possession. No committee or trustee has been appointed in this case.

4.      Debtor is a practicing physician with a specialty in urology. The Debtor practices as a solo unincorporated private practice, focusing primarily on urological surgeries for patients. The Debtor treats patients within a larger office owned and operated by Little Village Medical Center in Chicago, Illinois ("Little Village"), a separate medical practice not owned by the Debtor.

7.      The instant bankruptcy case was precipitated by a dispute between the Debtor and Blue Cross Blue Shield ("BCBS") relating to alleged overpayments by BCBS due to errors made by the Debtor's former billing company.

8.      On February 16, 2011, the Debtor filed a Second Amended Plan of Reorganization (the "Plan") and Second Amended Disclosure Statement. On April 6, 2011, this Court entered an Order Confirming the Plan. The Plan will pay creditors a pro rata distribution over time.

**Narrative Summary of Services**

9.      On February 15, 2011, A&L, as attorneys for the Debtor, filed its First Application for Interim Allowance for Compensation and Reimbursement of Expenses and Payment of Unpaid Balance for the period May 14, 2010 through January 31, 2011 ("First Application") [Docket No. 99]. On March 8, 2011, this Court entered an Order granting First Interim Application for Allowance of Compensation in the amount of $34,039.50 and allowance of expenses in the amount of $1,544.26 [Docket No. 112].

10.    A narrative summary of the services rendered by A&L during the period February 1, 2011 through May 23, 2011 is set forth below.[1]   Itemized and detailed descriptions of the specific services rendered by A&L to the Debtor during this period are reflected on the billing statements attached hereto as Exhibits A through E.   The billing statements set forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

11.    The services rendered by A&L during the period May 14, 2010 through January 31, 2011 have been segregated into five (5) categories as follows:  (A) Case Administration;  (B)  Financing;  (C)  Plan / Disclosure  Statement;  (D)  Claims Administration / Creditor Issues; and (E) Fee Petition.   There is also an additional 'Expenses' category summarized in Exhibit F.   The time expended in each billing category and by each billing professional is set forth below and summarized as follows:

| ATTORNEY / PROFESSIONAL | SPECIALTY | HOURS | HOURLY RATE |
|---|---|---|---|
| Becky L. Sutton  (BLS) | Paralegal | 1.20 | $215.00 |
| Kevin H. Morse  (KHM) | Bankruptcy | 15.10 | $265.00 |
| Miriam R. Stein  (MZS) | Bankruptcy | 17.10 | $350.00 |
| Thomas P. Conley (TPC) | Health Care | 8.10 | $375.00 |
| **TOTAL HOURS** | | **42.10** | |

16.    The hourly rates listed above are customary and reasonable and are the same hourly rates charged to A&L's non-bankruptcy clients for various other matters.

---

[1]  Due to an administrative and accounting error, certain time entries that should have been included in the First Application were not applied to the invoices.  None of the misapplied entries were listed or charged to the Debtor on the First Application.  The misapplied entries have been detailed and applied to this Second and Final Fee Application to allow A&L compensation for all of the time and services rendered to the Debtor.

17.    The fees sought by A&L in each of the aforesaid billing categories are summarized as follows:

| EXHIBIT | TITLE OF CATEGORY | AMOUNT SOUGHT |
|---------|-------------------|---------------|
| A | Case Administration | $2,998.50 |
| D | Financing | $210.00 |
| F | Plan / Disclosure | $5,557.50 |
| G | Claims Administration / Creditor Issues | $637.50 |
| H | Fee Petition | $4,100.50 |
| | **TOTAL FEES** | **$13,504.00** |
| I | Expenses | $519.47 |

18.    There has been no duplication of services, either by partners or associates of A&L. When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each attorney with the matters at issue so that each attorney could perform further necessary work.

19.    The foregoing tasks performed by A&L are divided in each of the listed categories and are summarized as follows:

EXHIBIT A – General Case Administration: This category includes the following: communications with the United States Trustee ("UST"); thorough review of Debtor's insurance carriers and BCBS setoff of claims; conferences on the issues and status of the chapter 11 case; and preparation of the Debtor's monthly operating reports. A&L spent 9.00 hours of attorney and paralegal time on the foregoing services, as is more fully described in Exhibit A. Said services have a value of $2,998.50 for which A&L is seeking compensation.

| Case Administration | | | |
|---------------------|----------|-------|----------------------|
| Professional | Position | Hours | Compensation Sought |
| BLS | Paralegal | 0.70 | $157.50 |
| KHM | Associate | 1.90 | $503.50 |
| MZS | Partner | 2.50 | $875.00 |
| TPC | Partner | 3.90 | $1,462.50 |

| Total | | 9.00 | $2,998.50 |
|-------|--|------|-----------|

EXHIBIT B – Financing:   This category includes: drafting final cash collateral order and communications with United Central Bank's counsel regarding the final order.  A&L spent 0.60 hours of attorney time on the foregoing services, as is more fully described in Exhibit B.  Said services have a value of $210.00 for which A&L is seeking compensation.

| Financing | | | |
|-----------|--|--|--|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| MZS | Partner | 0.60 | $210.00 |
| **Total** | | **0.60** | **$210.00** |

EXHIBIT C – Plan of Liquidation / Disclosure Statement:  This category includes meetings and discussions with the Debtor, accountant and creditors regarding the content of First Amended Plan; modify First Amended Plan and First Amended Disclosure Statement pursuant to meetings and discussions; review ballots and draft ballot report; and attend hearing on confirmation of Second Amended Plan.   A&L spent 15.80 hours of attorney time on the foregoing services, as is more fully described in Exhibit C.  Said services have a value of $5,557.50 for which A&L is seeking compensation.

| Plan of Reorganization / Disclosure Statement | | | |
|-----------------------------------------------|--|--|--|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| KHM | Associate | 0.50 | $132.50 |
| MZS | Partner | 12.50 | $4,375.00 |
| TPC | Partner | 2.80 | $1,050.00 |
| **Total** | | **15.80** | **$5,557.50** |

Exhibit D – Claims Administration / Creditor Issues: This category includes correspondence and conferences with BCBS; discussions with Debtor's landlord regarding status of lease; and conferences with secured creditor about insurance coverage and instatement of insurance. A&L spent 1.90 hours of attorney and paralegal time on the foregoing services, as is more fully described in Exhibit D. Said services have a value of $637.50, for which A&L seeks compensation.

| Claims Administration / Creditor Issues | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| BLS | Paralegal | 0.50 | $112.50 |
| TPC | Partner | 1.40 | $525.00 |
| Total | | 1.90 | $637.50 |

EXHIBIT E – Fee Petition: This category includes time spent reviewing fees and expenses in preparation of drafting two fee applications and preparation of exhibits for two fee applications of A&L and a fee application for accountant; drafting the fee applications for A&L and accountant; and attendance at hearing on fee applications. A&L spent 10.40 hours of professional time on the foregoing services, as is more fully described in Exhibit E. Said services have a value of $2,849.50, for which A&L is seeking compensation.

| Fee Petition | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| KHM | Associate | 12.70 | $3,365.50 |
| MZS | Partner | 2.10 | $735.00 |
| Total | | 14.80 | $4,100.50 |

Exhibit I – Expenses: Exhibit I lists expenses for copying costs at 10¢ per page, and copies for dissemination of first and second amended plans and disclosure statements. A&L has voluntarily reduced its copying charges from $.20 per page to $.10 per page, and has eliminated the cost of sending and receiving faxes (except for the long distance portion of outgoing faxes). A&L seeks $519.47 in expenses.

20.    A&L respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 11, and that time has been fairly and properly expended.

21.    A&L expended a total of 42.10 hours for the services provided to the Debtor during the period of February 1, 2011 through May 23, 2011. Based on the hourly charges of A&L set forth above, A&L requests that the Court determine and allow it $13,504.00 as compensation and $519.47 for the reimbursement of reasonable out-of-pocket expenses pursuant to Section 330 and 331 of the Bankruptcy Code.

22.    A&L expended an aggregate total of 229.70hours for the services provided to the Debtor during this Chapter 11 case (May 14, 2010 through May 23, 2011). Based on the hourly charges of A&L set forth above and detailed in the First Application and herein, A&L requests that the Court determine and allow it on a final basis $73,390.50 as compensation and $1,865.05 for the reimbursement of reasonable out-of-pocket expenses pursuant to Section 330.

23.    A copy of the Application has been sent to the Debtor and all parties receiving notice by the Court's ECF system, including the United States Trustee. Notice of the Application and hearing date has been sent to all creditors of the estate and all parties entitled to notice.

WHEREFORE, Miriam R. Stein, Kevin H. Morse and the firm of Arnstein & Lehr LLP, respectfully request that the Court enter an Order:

(A)    Awarding it $13,504.00 in fees and $519.47 in reimbursement of expenses for the period of January 31, 2011 through May 23, 2011, as set forth herein pursuant to Bankruptcy Code Section 330 and 331, and authorizing the Debtor to pay the same;

(B)    Allowing it final compensation in the aggregate amount of $73,390.50 for actual and necessary professional services rendered and reimbursement in the amount of $1,865.05 for actual and necessary costs and expenses incurred;

(C)    Finding notice as provided is sufficient under the circumstances; and

(D)    Granting such other and further relief as the Court deems just and proper.

ARNSTEIN & LEHR LLP

By: ___/s/ Miriam R. Stein___
        One of its Attorneys

Miriam R. Stein
Kevin H. Morse
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288