IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| SUBIR MAITRA, | Case No. 10-22107 |
| Debtor. | Hon. Jack B. Schmetterer |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Thursday, June 16, 2011 at 10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Jack B. Schmetterer, or any other judge sitting in his stead, in Courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, on the attached **MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE**, at which time and place you may appear as you see fit.

SUBIR MAITRA,

By:  /s/ Miriam R. Stein
       One of His Attorneys

Miriam R. Stein (06238163)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax:  (312) 876-0288

## PROOF OF SERVICE

I, Miriam R. Stein, an attorney, certify that I caused a copy of the attached Notice and Motion to be served on the parties as listed on the Service List below by depositing same in the United States Mail, postage prepaid, in addition to those parties receiving notification by participation in the Court's ECF system on May 26, 2011.

/s/ Miriam R. Stein

9198723.3

**Electronic Mail Notice List**

- Shelly A. DeRousse    sderousse@stahlcowen.com, cgarcia@stahlcowen.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Michelle A Mendez    mmendez@hunton.com
- Kevin H Morse    khmorse@arnstein.com
- Miriam R. Stein    mrstein@arnstein.com, jbmedziak@arnstein.com
- John F. Torres    jftlaw@earthlink.net
- Marc S. Zaslavsky    mszaslavsky@arnstein.com

**Mail Notice List**

Subir Maitra
312 N. McClurg Court
Apartment 2310
Chicago, IL  60611

Denise DeLaurent
Office of the U.S. Trustee
219 South Dearborn Street
Room 873
Chicago, IL  60604-2027

Aetna Health Plans
P.O. Box 981107
El Paso, TX  79998-1107

Allied Benefit Systems
P.O. Box 909786
Chicago, IL  60690-9786

Amalgamated Life Insurance
333 Westchester Avenue
West Harrison, NY  10604-2910

Assurance Health
P.O. Box 981602
El Paso, TX  79998-1602

Bankers Healthcare Group, Inc.
4875 Volunteer Road
Suite 100
SW Ranches, FL  33330-2118

Beech Street Insurance Company
25500 Commerecentre Drive
Lake Forest, CA  92630-4905

Benefit Administrative Systems
17475 Jovanna Drive
Suite 1B
Homewood, IL  60430-1065

BlueCross BlueShield of Illinois
c/o Michele A. Mendez
Hunton & Williams LLP
1445 Rose Avenue, Suite 3700
Dallas, TX  75202-2744

BlueCross BlueShield of Indiana
120 Monument Circle
Indianapolis, IN  46204-4906

CGA Health Insurance
903 Commerce Drive
Suite 304
Oak Brook, IL  60523-8830

CIGNA Healthcare
P.O. Box 5200
Scranton, PA  18505-0001

Chase United Visa
Cardmember Services
P.O. Box 15123
Wilmington, DE  19850-5123

Chicago Graphic Arts Health/Welfare
903 Commerce Drive
Suite 304
Oak Brook, IL  60523-8830

Citicards
P.O. Box 6000
The Lakes, NV 89163-0001

Shelley A. DeRousse
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603-5127

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

ECOH
P.O. Box 091040
Milwaukee, WI 53209-9040

First Health Network
P.O. Box 5319
Tampa, FL 33675-5319

Fox Valley Laborers Welfare Fund
2400 Big Timber Road
Suite 206B
Elgin, IL 60124-7812

Great West Healthcare
1000 Great West Drive
Kennett, MO 63857-3749

Group Administrators Ltd.
450 East Remington Road
Schaumburg, IL 60173-4541

HFN
1315 West 22nd Street
Suite 300
Oak Brook, IL 60523-2062

Humana
P.O. Box 14610
Lexington, KY 40512-4610

Illinois Department of Revenue
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
(Insolvency)
200 W. Adams Street, Suite 2300
Chicago, IL 60606-5231

Leggett & Platt
P.O. Box 757
Number 1 Leggett Road
Carthage, MO 64836-0757

Lexus Financial Services
P.O. Box 4102
Carol Stream, IL 60197-4102

Mercedes Benz Financial
P.O. Box 15636
Wilmington, DE 19850-5636

NCO Financial Systems, Inc.
P.O. Box 15636
Wilmington, DE 19850-5636

NCO Financial Systems, Inc.
P.O. Box 4935
Trenton, NJ 08650-4935

NGS American, Inc.
P.O. Box 7676
St. Clair Shores, MI 48080-7676

Northwestern Memorial Hospital
P.O. Box 73690
Chicago, IL 60673-7690

Performax
P.O. Box 27725
Minneapolis, MN 55427-1813

Preferred Plan, Inc.
P.O. Box 2090C
Stow, OH 44244-0090

Principal Financial Group
P.O. Box 39710
Colorado Springs, CO  80949-3910

Private Healthcare System
P.O. Box 1813
Des Plaines, IL  60017-1813

Professional Benefit Administration
P.O. Box 4687
Hinsdale, IL  60522-4687

Professional Claims Management
16 W 455 S. Frontage Street
Burr Ridge, IL  60527

Raghuveer Nayak
124 Covington Court
Oak Brook, IL  60523-2574

John F. Torres
Law Offices of John F. Torres
P.O. Box 1028
Downers Grove, IL  60515-9428

Toyota Motor Credit Corporation
P.O. Box 8026
Cedar Rapids, IA  52408-8026

Trustmark
P.O. Box 2942
Clinton, IA  52733-2942

Unicare
P.O. Box 4458
Chicago, IL  60680-4458

United America
P.O. Box 810
Dallas, TX  75221

United Central Bank
55 W. Monroe Street, Suite 1200
Chicago, IL  60603-5127

United Central Bank
16540 South Halsted Street
Harvey, IL  60426-6111

United Healthcare
P.O. Box 30555
Salt Lake City, UT  84130

Workers Comp
205 Touhy Avenue, Suite 201
Park Ridge, IL  60068-4256

Kimberly K. Hill
Supervisor, RFCR
FSS & Autorecoupment
BlueCross BlueShield of Texas
1001 East Lookout Drive
Richardson, TX  75082

Diane Berkowitz
Office of the U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, IN  46320

Assistant Attorney General
Revenue Litigation Bureau
100 West Randolph Street, 13th Floor
Chicago, IL  60601

9612682.1

IN THE UNITED STATES BANKRUPTY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re | Chapter 11 |
|---|---|
| SUBIR MAITRA, | Case No. 10-22107 |
| Debtor. | Hon. Jack B. Schmetterer |

### MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE

Dr. Subir Maitra, the reorganized debtor ("Maitra" or "Debtor"), by and through his counsel, Arnstein & Lehr LLP, hereby presents the Debtor's Motion for Final Decree and to Close Bankruptcy Case ("Motion"). In support of the Motion, the Debtor states as follows:

### Background

1. This case was commenced when the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on May 14, 2010 (the "Petition Date").

2. Maitra is a practicing physician with a specialty in urology. The Debtor practices as a solo unincorporated private practice, focusing primarily on urological surgeries for patients. The Debtor treats patients within a larger office owned and operated by Little Village Medical Center in Chicago, Illinois ("Little Village"), a separate medical practice not owned by the Debtor. See the Affidavit of Subir Maitra pursuant to Section 333 of the Bankruptcy Code filed with the Court on May 26, 2010 (the "Maitra Affidavit").

3. The instant bankruptcy case was precipitated by a dispute between the Debtor and Blue Cross Blue Shield ("BCBS"). The historical details of the dispute are set forth in the Maitra Affidavit.

2

4.  On April 5, 2011, the Court confirmed the Debtor's Second Amended Plan of Reorganization dated February 16, 2011 (the "Plan").

5.  The Plan called for the Debtor to continue regular payments to his secured creditor United Central Bank ("UCB"). On or before the Effective Date of the Plan, Maitra was required to begin his regular monthly payments, for a period of five (5) years, to the Internal Revenue Service and to fund a Creditor Trust Account (defined in the Plan) for the benefit of unsecured creditors. The Effective Date was to occur on the thirtieth (30th) day after the order confirming the Plan (the "Confirmation Order") became a final order.

6.  The Debtor has commenced all payments required under the Plan. The Debtor has paid certain administrative claims due, including all statutory fees due to the United States Trustee. The Debtor has also commenced payments to the Internal Revenue Service and UCB, and funded the Creditor Trust Account in accordance with Section 4.7 of the Plan.

7.  All motions have been resolved with respect to the Debtor and there are no pending issues to resolve.

## Discussion

8.  Bankruptcy Code section 350(a) provides that the court shall close a bankruptcy case once it has been fully administered. 11 U.S.C. §350(a) ("After an estate is fully administered ... the court shall close the case."). Bankruptcy Rule 3022 implements Section 350(a) in the context of a chapter 11 reorganization. Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.").

9.  The term "fully administered" is not defined in the Bankruptcy Code. "At one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the

3

estate dissolves . . . At the other extreme, an estate court be fully administered when all that is called for under a plan occurs." *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Several courts have held that a case is fully administered and may be closed even though the reorganized debtor has not completed all payments to creditors. *See e.g. In re D&L Nicolaysen*, 228 B.R. 252, 261 (Bankr. E.D. Ca. 1998); *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) ("[Rule 3022] does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan …").

10. To assist courts in deciding whether a case is substantially administered, there are six non-exclusive factors. *In re Rebel Rents, Inc.*, 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005); *In re Jay Bee Enterprises, Inc.*, 207 B.R. at 538. Not all of these factors need to exist before a court may enter a final decree; these factors only serve as a guideline. *See e.g. In re Mold Makers, Inc.*, 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting … in its decision to close a case."). The six factors are:

    a.    Whether the order confirming the plan has become final;
    b.    Whether deposits required by the plan have been distributed;
    c.    Whether the property proposed by the plan to be transferred has been transferred;
    d.    Whether the debtor has assumed the business or management of the property dealt with by the plan;
    e.    Whether payments under the plan have commenced; and
    f.    Whether all motions, contested matters and adversary proceedings have been resolved.

11. In this case, each of the factors has been satisfied. The Confirmation Order became final on April 19, 2011. The Plan required no deposits to be made. As set forth above and in the Plan, the Debtor's bankruptcy estate has vested with the reorganized Debtor and the Debtor continues his practice as a urologist. As discussing in Paragraph 6 above, all payments

4

required under the Plan have been timely commenced or completed. Finally, all pending motions have been resolved. Therefore, this Court should enter a final decree and close this Chapter 11 case.

### Notice

12. Notice of this Motion for Final Decree has been provided to (i) the United States Trustee; (ii) all of the Debtor's creditors; (iii) United Central Bank; and (iv) all other parties in interest who have requested notice in this case.

### Conclusion

WHEREFORE, the Subir Maitra respectfully requests that this Court enter an Order: (a) authorizing the entry of a final decree closing this case pursuant to Bankruptcy Code section 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure; (b) approving the notice provided; and (c) granting the Debtor such other and further relief as may be appropriate.

Respectfully submitted,
**SUBIR MAITRA**

By:  /s/ Miriam R. Stein
       One of his Attorneys

Miriam R. Stein (06238163)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax:  (312) 876-0288